J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Annie S. Wang (SBN 243027)
annie@coombspc.com
J. Andrew Coombs, A. P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Deckers Outdoor Corporation

FILED

10 SEP 29 PM 2:59

CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Deckers Outdoor Corporation,

                    Plaintiff,

        v.

Mary Zarek, an individual and d/b/a
www.struttinstyle.com; Susan O'Connell,
an individual and d/b/a
www.struttinstyle.com and Does 1 – 10,
inclusive,

                    Defendants.

Case No. CV10 7272 PSG (JEMx)

COMPLAINT FOR TRADEMARK
INFRINGEMENT, TRADEMARK
DILUTION AND UNFAIR
COMPETITION

DEMAND FOR JURY TRIAL

Plaintiff Deckers Outdoor Corporation ("Deckers") alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they

COPY

form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Deckers claims occurred in this judicial district.

## INTRODUCTION

3.      This action has been filed by Deckers to combat the willful sale of unlicensed and counterfeit products ("Infringing Product"), specifically including its core product of UGG® boots, bearing Deckers exclusive trademarks.  Defendants in this action are sellers of counterfeit Deckers UGG® branded boots through Internet sites, including but not necessarily limited to www.struttinstyle.com (the "Website"). Defendants, through such active manufacturing, purchasing, distributing, offering of sale and selling such unlicensed and counterfeit footwear, Deckers is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

4.      Deckers seeks a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and California law.

## THE PARTIES

5.      Deckers is a Delaware corporation that designs and markets footwear. Its principal place of business is at Goleta, California.

6.      Defendant Mary Zarek ("Zarek") is an individual and doing business as www.struttinstyle.com, and upon information and belief resides in the city of Massapequa, New York.  Zarek transacts business as www.struttinstyle.com by selling, offering for sale, importing, advertising and distributing the Infringing Product in this judicial district.

7.      Defendant Susan O'Connell ("O'Connell") is an individual and doing business as www.struttinstyle.com, and upon information and belief resides in the

1    city of Massapequa, New York.  O'Connell transacts business as

2    www.struttinstyle.com by selling, offering for sale, importing, advertising and

3    distributing the Infringing Product in this judicial district.

4        8.    Deckers is informed and believes, and upon that basis alleges, that

5    defendants John Does 1-10 are entities or individuals who are residents in this

6    judicial district and are subject to the jurisdiction of this Court.  Deckers is informed

7    and believes, and upon that basis alleges, that Does 1-10 are entities or individuals

8    who are manufacturing, distributing, importing, displaying, advertising, promoting,

9    selling and/or offering for sale, merchandise in this judicial district which infringes

10   the Deckers Trademarks  ("Deckers Trademarks" defined below in para. 14).  The

11   identities of the various Does are unknown to Deckers at this time.  Upon

12   information and belief, said fictitiously named defendants are liable to Deckers on

13   the basis of the same allegations made herein against Does.  Deckers will seek leave

14   to amend this Complaint to insert the true names and capacities when the same are

15   ascertained.  Zarek, O'Connell and Does 1-10 are collectively referred to herein as

16   "Defendants".

17                    **FACTUAL BACKGROUND**

18       9.    Deckers has become well known throughout the United States and

19   elsewhere as a source of high quality footwear products, including the UGG® brand

20   of premium sheepskin footwear.  Deckers' UGG® products are distributed and sold to

21   consumers through retailers throughout the United States and through the

22   www.uggaustralia.com website.

23       10.    Since acquiring the UGG® trademark and the goodwill of the business in

24   1995, Deckers has continuously sold footwear and clothing under the UGG® brand.

25   Deckers has built substantial goodwill in the UGG® brand.  The UGG® brand is

26   famous and a valuable asset of Deckers.

27

28

11.   Deckers has adopted and used and owns an UGG trademark for footwear. Deckers is the owner of U.S. Trademark Registration No. 3,050,925 for its UGG trademark ("the UGG registered trademark"). The UGG trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest. A true and correct printout of the details of this registration is attached hereto as Exhibit "A". The registration is valid and subsisting.

12.   Deckers has adopted and used and owns a Sun Logo trademark ("Sun Logo registered trademark") in connection with its UGG® brand of footwear:



Deckers is the owner of U.S. Trademark Registration No. 2,314,853 for its Sun Logo registered trademark. The Sun Logo registered trademark has been used continuously since at least as early as March 1997 in connection with footwear and clothing. A true and correct printout of the details of this registration is attached hereto as Exhibit "B". The registration is valid, subsisting and incontestable under 15 U.S.C. § 1065. The UGG registered trademark and the Sun Logo registered trademark are collectively referred to as the Deckers Trademarks.

13.   The Deckers Trademarks are distinctive when applied to the high quality apparel, footwear and related merchandise signify to the purchaser that the products come from Deckers and are manufactured to the highest quality standard. Whether Deckers manufactures the products itself, or licenses others to do it, Deckers has insured that products bearing its trademarks are manufactured to such standard. Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by millions of dollars in sales each year.

14.   This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world. Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

## DEFENDANTS' UNLAWFUL CONDUCT

15.　Defendants are involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Deckers Trademarks to the general public, including through sales over the internet.

16.　Deckers is informed and believes and based thereon alleges that Defendants processes purchases of counterfeit and infringing footwear incorporating likenesses of one or more of the Deckers Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

17.　Deckers hereby repeats and alleges the allegations set forth in paragraphs 1 through 16 above, as if set forth fully herein.

18.　Deckers' claim arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of registered and unregistered marks.

19.　Deckers owns the exclusive trademark rights to those trademarks listed on Exhibit "A" and "B". All of the trademark registrations are in full force and effect. The Sun logo registration of Exhibit B has become incontestable pursuant to 15 U.S.C. § 1065.

20.　All advertising and products, including apparel, footwear and related merchandise, which have been sold by Deckers, or under its authority, have been manufactured and distributed in conformity with the provisions of the United States trademark law.

21.　Notwithstanding Deckers' well known and prior common law and statutory rights in the Deckers Trademarks, Defendants have, with actual and constructive notice of Deckers' federal registration rights, and long after Deckers established its rights in the Deckers Trademarks, adopted and used the Deckers

Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in interstate commerce.

22.     Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Deckers Trademarks without the authorization of Deckers. Defendants' manufacture, purchase, distribution, offer for sale and sale of footwear and related merchandise bearing the Deckers Trademarks in interstate commerce has and is likely to cause confusion, deception and mistake or to deceive as to the source and origin of the footwear and related merchandise in that the buying public will conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Deckers.

23.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

24.     Upon information and belief, Defendants' activities have also caused actual confusion with consumers as to the source and origin of such footwear and other merchandise.

25.     Defendants' infringing activities will cause irreparable injury to Deckers if Defendants are not restrained by the Court from further violation of Deckers' rights, as Deckers has no adequate remedy at law.

26.     Deckers has suffered damages as a result of the aforesaid acts. Defendants have profited from its unlawful activities. Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Deckers seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

27.    Defendants' use in commerce of the Deckers Trademarks in the sale of footwear and related merchandise is an infringement of Deckers' registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

28.    Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Deckers and its business.  Accordingly, Deckers is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

29.    In order to determine the full extent of such damages, including such profits, Deckers will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

30.    The unlicensed footwear bearing the Deckers Trademarks, which was sold, distributed and offered for sale by Defendants constitutes counterfeit products pursuant to 15 U.S.C. § 1116(d).

## SECOND CLAIM FOR RELIEF

### (Lanham Act - Unfair Competition)

31.    Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 30 above, as if set forth fully herein.

32.    Deckers' claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and (d) for false designation of origin and false descriptions and representations in interstate commerce.

33.    As a direct result of Deckers' longstanding use, sales, advertising and marketing, the Deckers Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Deckers Trademarks with Deckers and its products.

34.     The unauthorized and counterfeit footwear and related merchandise which has been manufactured, purchased, distributed, offered for sale and sold by Defendants, duplicates and appropriates the Deckers Trademarks in order to delude and confuse the public into believing that such footwear and related merchandise are authorized, sponsored, approved or associated with Deckers.

35.     Defendants, by misappropriating and using the likenesses of the Deckers Trademarks in connection with the sale of such products, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products.  Defendants have caused such products to enter into interstate commerce willfully, with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from Deckers.

36.     Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, of the infringing footwear and other merchandise.

37.     Defendants' use in commerce of the Deckers Trademarks in the sale of footwear and related merchandise is an infringement of Deckers' registered trademarks in violation of 15 U.S.C. § 1125.

38.     Defendants have profited from their unlawful activities.  Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.  Accordingly, Deckers seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

39.     Deckers has suffered monetary damages as a result of Defendants' acts.  In order to determine the full extent of such damages, including such profits as may be recoverable; Deckers will require an accounting from Defendants of all monies

generated from the manufacture, importation, distribution and/or sale of the infringing footwear as alleged herein.

40.    Accordingly, Deckers is entitled to a judgment of three times its damages and Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Lanham Act - Dilution of Famous Mark)

41.    Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 40 above, as if set forth fully herein.

42.    Decker's claim arises under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

43.    As a result of Deckers' continuous promotion of its products in conjunction with the Deckers Trademarks, the Deckers Trademarks have become recognized as distinctive and famous trademarks.

44.    Defendants' use in commerce of the Deckers Trademarks began after the Deckers Trademarks had become famous and has caused dilution of the distinctive quality of the marks.  Such conduct has caused injury to Deckers pursuant to 15 U.S.C. § 1125(c).

45.    Such dilution has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

46.    Defendants willfully intended to trade on Deckers' reputation and/or to cause dilution of the famous trademarks.  Accordingly, Deckers is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

47.    Unless Defendants' conduct is enjoined, Deckers and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or

compensated solely by money damages.  Accordingly, Deckers seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

**FOURTH CLAIM FOR RELIEF**

**(For Unfair Competition – California Law)**

48.    Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 47, above, as if set forth fully herein.

49.    The Deckers Trademarks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Deckers.  The purchasing public is likely to attribute to Deckers the use by Defendants of the Deckers Trademarks or any of them, as a source of origin, authorization and/or sponsorship for Defendants' goods and therefore to purchase such goods based upon that erroneous belief.

50.    Deckers is informed and believes, and upon that basis alleges, that Defendants have intentionally appropriated the Deckers trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off such goods as those of Deckers and, as such, Defendants have committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

51.    Defendants' appropriation, adoption and use of one or more of the Deckers Trademarks, including the sale and offering for sale of infringing shoes bearing or using one or more of the Deckers Trademarks in connection with the provision of goods is likely to cause confusion between Defendants' infringing product and the goods authorized and licensed by the Deckers, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq.*

52.     Deckers is informed and believes, and upon that basis alleges, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by Defendants of their wrongfulness.  Deckers is informed and believes, and upon that basis alleges, that Defendants' use of Deckers' trademarks is for the willful and calculated purpose of misappropriating Plaintiff's goodwill and business reputation, at Deckers' expense and at no expense to Defendants.  By taking one or more of the Deckers Trademarks, Deckers has been deprived of an opportunity to conduct business using its trademarks and deprived of the right to control the use of its trademarks and Defendants have been unjustly enriched.

53.     Deckers has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and damage as a result of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

54.     Deckers is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Deckers.

55.     Deckers is informed and believes, and upon that basis alleges, that Defendants have unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court.  Deckers is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

56.     By reason of the foregoing acts of unfair competition, Deckers is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

57.     In order to determine the full extent of such damages, including such profits as may be recoverable; Deckers will require an accounting from Defendants

of all monies generated from the manufacture, importation, distribution and/or sale of the infringing product.

58.    Deckers is informed and believes, and upon that basis alleges, that Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

### FIFTH CLAIM FOR RELIEF

### (Dilution under California Law)

59.    Deckers hereby repeats and realleges the allegations set forth in paragraphs 1 through 58 above, as if set forth fully herein.

60.    Deckers is informed and believes, and upon that basis alleges, that Defendants' acts have caused a likelihood of injury to Deckers' goodwill and business reputation, impaired the effectiveness of Deckers' trademarks and diluted its distinctive trade names and trademarks.

61.    Deckers is informed and believes, and upon that basis alleges, that Defendants' acts violate the trademark laws of the State of California and, specifically, California Business and Professions Code, § 14247.

62.    Deckers has no adequate remedy at law and Defendants' conduct, if not enjoined, will continue to cause irreparable damage to Deckers' rights in their trademarks, trade name, reputation and goodwill.

### PRAYER FOR RELIEF

WHEREFORE, Deckers demands entry of a judgment against Defendants as follows:

1)    Permanent injunctive relief restraining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

     a)    further infringing the Deckers Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Deckers, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Deckers Trademarks ("Unauthorized Products");

     b)    using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Deckers Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

     c)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

     d)    engaging in any other activity constituting unfair competition with Deckers, or constituting an infringement of any of Deckers' trademarks or of Deckers' rights in, or to use or to exploit, said trademarks, or

constituting any dilution of any of Deckers' names, reputations, or good will;

e)   effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

f)   secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of Deckers' trademarks; and

g)   aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' trademarks.

2)   Directing that Defendants deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of The Deckers Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3)   Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Deckers, or related in any way to Deckers' products.

4)   That Deckers be awarded from Defendants, as a result of Defendants' sale of Unauthorized Products bearing the Deckers Trademarks, three times Deckers' damages there from and three times of each of Defendants' profits there from,

after an accounting, or, in the alternative statutory damages, should Deckers opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the Deckers Trademarks infringed upon by each of the Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000), for each of The Deckers Trademarks infringed upon by each of the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5)   That Deckers be awarded from Defendants three times Deckers' damages there from and three times Defendants' profits there from, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

6)   That Deckers be awarded its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

7)   That Deckers be awarded punitive damages for Defendants' willful acts of unfair competition under California law.

8)   That Deckers be awarded its costs in bringing this action.

9)   That Deckers have such other and further relief that this Court deems just.

Dated: September 23, 2010            J. Andrew Coombs, A Professional Corp.


By:   J. Andrew Coombs
      Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor
Corporation

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Deckers Outdoor

Corporation hereby demands a trial by jury of all issues so triable.

DATED:  September 23, 2010           J. Andrew Coombs, A Professional Corp.

By:    J. Andrew Coombs
       Annie S. Wang
Attorneys for Plaintiff Deckers Outdoor
Corporation

# EXHIBIT "A"

1

## EXHIBIT A

2

### UGG U.S. Registration No. 3,050,925

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 3,050,925

## United States Patent and Trademark Office

Registered Jan. 24, 2006

### TRADEMARK
### PRINCIPAL REGISTER



DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

**EXHIBIT "B"**

1

2          <u>EXHIBIT B</u>

3          <u>Sun Logo U.S. Registration No. 2,314,853</u>

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,314,853

## United States Patent and Trademark Office

Registered Feb. 1, 2000

## TRADEMARK
### PRINCIPAL REGISTER



WELLS FARGO BANK, N.A. (CALIFORNIA NATIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLDINGS, INC. (CALIFORNIA CORPORATION)
GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 7272 PSG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

J. Andrew Coombs  (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation, | CASE NUMBER: **CV10 7272 PSG (JEMx)** |
| Plaintiff(s) | |
| v. | **SUMMONS** |
| Mary Zarek (See Attachment) | |
| Defendant(s) | |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
J. Andrew Coombs                                        , whose address is:

J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206

an answer to the ☒ complaint   ☐ _____ amended complaint   ☐ counterclaim   ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:        SEP 2 9 2010

By: **CHRISTOPHER POWERS**
_____
Deputy Clerk

*(Seal of the Court)*

CV-1A (01/01)

## SUMMONS ATTACHMENT

Deckers Outdoor Corporation,

Plaintiff,

v.

Mary Zarek, an individual and d/b/a www.struttinstyle.com; Susan O'Connell, an individual and d/b/a www.struttinstyle.com and Does 1 – 10, inclusive,

Defendants.

# CIVIL COVER SHEET

**I(a) PLAINTIFFS**

Deckers Outdoor Corporation

**DEFENDANTS**

Mary Zarek, an individual and d/b/a www.struttinstyle.com (See Attachment)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Santa Barbara
( EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**

J. Andrew Coombs (SBN 123881) / Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202, Glendale, California 91206
Telephone: (818) 500-3200 / Facsimile: (818) 500-3201

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☒ 3 Federal Question
    (U.S. Government Not a Party)

☐ 2 U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only)                    FOR PLAINTIFF AND ONE FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multi-district Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark infringement 15 U.S.C. §§ 1051, et seq.

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety /Health | ☒ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus/ Other | | |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

## VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☐ YES ☒ NO

If yes, list case number(s): _____

*CV10 7272*

| CV-71 (10/01) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**FOR OFFICE USE ONLY:** ☐ *Pro Hac Vice fee:* ☐ *paid* ☐ *not paid*

Applying IFP _____ Judge _____ Mag. Judge _____

COPY

CIVIL COVER SHEET
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☐YES  ☒NO

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:
(CHECK ALL BOXES THAT APPLY)    ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B.  Involve the same or substantially the same parties or property;

☐ C.  Involve the same patent, trademark or copyright;

☐ D.  Call for determination of the same or substantially identical questions of law, or

☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐  CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Santa Barbara

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐  CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

New York (Defendants Zarek and O'Connell)

List the California County, or  State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
NOTE:  In land condemnation cases, use the location of the tract of land involved.

Los Angeles

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _____    Date 9-23-10
NOTICE TO COUNSEL/PARTIES:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## CIVIL COVERSHEET ATTACHMENT
### CV-71

Deckers Outdoor Corporation,

Plaintiff,

v.

Mary Zarek, an individual and d/b/a www.struttinstyle.com; Susan O'Connell, an individual and d/b/a www.struttinstyle.com and Does 1 – 10, inclusive,

Defendants.